IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-PO-70-JEM |
| | ) | |
| WILLIAM A. THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the undersigned pursuant to 18 U.S.C. § 3401(a), 28 U.S.C. § 636(a), and E.D. Tenn. L.R. 72.4. On December 16, 2021, Defendant filed a motion requesting expungement or to reopen his case [Doc. 1]. The Government filed a response on January 27, 2022 [Doc. 3]. Defendant did not file a reply, and the time for doing so has passed. E.D. Tenn. L.R. 7.1(a). For the reasons below, the Court will **DENY** Defendant's motion [**Doc. 1**].

### I. BACKGROUND

On September 3, 2020, Defendant was driving southbound through the Cumberland Gap Tunnel ("the Tunnel") on U.S. Highway 25E [*See* Doc. 1 at 3 and Doc. 3-1 (the "Violation Notice")]. According to the Government, due to its narrow lanes, the Tunnel has a speed limit of 45 miles per hour and lane changes are prohibited [Doc. 3 at 1]. Defendant changed lanes three times while inside the Tunnel to try and get out from behind a slow-moving tractor trailer truck [Doc. 1 at 1 and Doc. 3-1]. During the third lane change, Defendant cut in front of the tractor trailer truck, and an accident ensued [Doc. 3-1].

A National Park Service officer issued Defendant the Violation Notice for failure to comply with a traffic control device [*Id.*]. Specifically, the Violation Notice charged Defendant with

violating 36 C.F.R. § 4.12 [*Id.*]. The Violation Notice also set forth information about Defendant's appearance in court. Box A on the Violation Notice is entitled "APPEARANCE IS REQUIRED," and it provides that, "If Box A is checked, you must appear in court. See instructions." [Doc. 1 at 1 and Doc. 3-1]. Box B on the Violation Notice is entitled "APPEARANCE IS OPTIONAL," and it provides that, "If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions." [*Id.*].

Instructions for how to respond to a violation notice are available at the website indicated on the Violation Notice, and the same instructions were also printed on the back of the notice that was issued to Defendant [Doc. 3 at 2–3]. Both the printed and online instructions specified that, if Box B was checked, a defendant could appear in court or submit payment online to end his case without appearing in court. *See* CVB, *Instructions*, https://www.cvb.uscourts.gov/faces/pages/instructions.xhtml (last visited on Feb. 14, 2022). The square next to Box B is checked on the Violation Notice that was issued to Defendant, and nothing is written or checked in Box A, meaning that Defendant was not required to appear in court if he paid the total collateral due at the website provided [Doc. 1 at 3 and Doc. 3-1]. In Box B, the total collateral due is written as $60.00, which is comprised of the $30.00 forfeiture amount plus a $30.00 processing fee [*Id.*].

The Government states that the Violation Notice clearly indicated the offense charged was a violation of 36 C.F.R. § 4.12, which is a federal Class B misdemeanor criminal offense [Doc. 3 at 2].[1] In addition, it notes that the instructions provide warnings about following the actions indicated in Box B:

---

[1] The section defining 18 C.F.R. § 4.12 does not specify its letter grade classification but does indicate it is authorized under 54 U.S.C. § 100751(a). Pursuant to 54 U.S.C. § 100751(a), criminal penalties for a violation of a regulation prescribed under § 100751 are provided by 18 U.S.C. § 1865. Under 18 U.S.C. § 1865, "[a] person that violates any regulation authorized by section 100751(a) of title 54 shall be imprisoned not more than 6 months, fined under this title, or both, and be adjudged to pay all cost of the proceedings." Thus, the Court finds that a violation of

> By paying the amount due you may be admitting to a criminal offense and a conviction may appear in a public record with adverse consequences to you. You have a right to know more about the charge against you and may obtain a complete statement of the charge by calling the Central Violations Bureau at 800-827-2982. By paying the amount due you waive your right (1) to counsel to contest this violation notice, (2) to a trial, and (3) to be represented by counsel.
>
> If you are charged with a motor-vehicle violation, your payment may be reported to your state's motor-vehicle or driver-licensing agency. As a result, points may be assessed against your driving record, your license or registration may be suspended, and additional fees may be imposed by your state. A drivers-education course may be an option to avoid these consequences. If you are interested in a driver-education course, do not pay the amount due. Call the Central Violations Bureau at 800-827-2982 for further information.

[*Id.* at 2–3].

On September 12, 2020, Defendant pleaded guilty, paid the total collateral due of $60.00, and was convicted of failing to comply with a traffic control device [*See* Doc. 3-2 ("Conviction Record")].

## II. ANALYSIS

In his motion, Defendant asserts that he paid the fine to avoid having to appear in court because the officer who issued the citation told him that the offense charged was a civil violation [Doc. 1 at 1–2]. However, according to Defendant, he was notified by the State of Ohio that the offense had been reported to it and that it had been applied to his permanent record [*Id.* at 2]. Defendant states that this resulted in an increase to his annual insurance cost exceeding $300.00 [*Id.*]. Defendant therefore asks the Court to expunge his conviction for failing to comply with a

---

18 C.F.R. § 4.12 is a federal Class B misdemeanor criminal offense. *See* 18 U.S.C. § 3559 ("An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is . . . (7) six months or less but more than thirty days, as a Class B misdemeanor . . . .").

traffic control device in violation of 36 C.F.R. § 4.12 or, alternatively, reopen his case for a hearing so that he may enter a plea of "not guilty" [*Id.*]. For the reasons set forth below, the Court will deny Defendant's motion [Doc. 3].

### 1. Defendant's Request for Expungement

Federal courts do not have inherent equitable power to expunge criminal convictions. *United States v. Lucido*, 612 F.3d 871, 874–76 (6th Cir. 2010). Rather, only Congress has the authority to authorize courts to expunge convictions. *Id.* at 877 ("To the extent a federal court has the power to nullify these rules—to erase indictments and convictions that Congress had commanded the executive branch to preserve—it hardly seems unfair to insist that Congress, not a court's inherent equitable power, be the source of that authority."); *see, e.g.*, 18 U.S.C. § 3607(c) (affording courts limited authority to expunge criminal records of certain drug offenders who have been placed on prejudgment probation and were less than twenty-one years old at the time of the offense). Congress has not granted courts the authority to expunge convictions like that of Defendant's in this matter. The Court therefore lacks jurisdiction to hear Defendant's expungement request.

### 2. Defendant's Request to Reopen this Matter

There appears to be no legal basis upon which the Court can reopen the proceedings in this case. Defendant did not appeal his conviction, and it became final on September 26, 2020. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the period for filing a direct appeal has elapsed); Fed. R. Crim P. 58(g)(2)(B) ("A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry."). A district court has no inherent authority to reopen a criminal case once the judgment has become final. *United States v. Washington*, 584 F.3d 693,

700 (6th Cir. 2009). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Here, there appears to be no statute that authorizes the Court to reopen the proceedings in Defendant's case.

Further, liberally construing Defendant's motion, *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) ("The pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))), it does not appear that Defendant can pursue a writ of habeas corpus or a petition pursuant to 28 U.S.C. § 2255. He is not currently in custody, and it does not appear that he was in custody in connection with this conviction. Nor does it does appear that a writ of coram nobis would be available to Defendant. Given that Defendant admits he changed lanes in the Tunnel [Doc. 1 at 1], Defendant has not established that any fundamental factual error occurred that rendered the proceedings in this matter invalid. *See United States v. Mayer*, 235 U.S. 55, 69 (1914) (explaining that coram nobis may only be used to review factual errors "of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid"); *see also United States v. Sferrazza*, No 1:10-CR-002, 2015 WL 13032014, at *2 (S.D. Ohio June 18, 2015) (explaining that "*coram nobis* is an exceptional form of relief" and "may be used only to review errors of the most fundamental character, such as those errors rendering the proceeding itself invalid" (citation omitted)).

5

### III. CONCLUSION

Accordingly, and for the reasons set forth above, the Court finds that Defendant's Motion [**Doc. 1**] is not well taken, and it is **DENIED**. The Clerk of Court is **DIRECTED** to close this case and to mail a copy of this Memorandum Opinion and Order to Defendant at the address provided in his motion [*See* Doc. 1].

ORDER ACCORDINGLY.

_____
Jill E. McCook
United States Magistrate Judge